UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY MONKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:23-cv-391 |
| | ) |
| WABASH CASTINGS LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Timothy Monks ("Plaintiff" or "Monks"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Wabash Castings LLC ("Defendant") under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

**PARTIES**

2. Plaintiff has resided within the Northern District of Indiana at all relevant times.

3. Defendant, Wabash Castings LLC, is a corporation that operates and conducts business in the Northern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 12117.

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5).

7. Plaintiff is a "qualified individual" with a "disability" as those terms are defined by 42 U.S.C. §§ 12111(8) and 12102(1), respectively.

8. Plaintiff satisfied his obligations to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right-to-sue notice to Plaintiff. He now timely files his lawsuit.

9. All the events, transactions, and occurrences pertinent to this lawsuit occurred within the geographical environs of the Northern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant from on or about March 27, 2017, until July 1, 2021. At the time of his wrongful termination, Plaintiff was employed by Defendant as a Maintenance Manager.

11. At all relevant times, Plaintiff met or exceeded Defendant's legitimate performance expectations.

12. Plaintiff is an individual with a disability, a history of being disabled, or is regarded as disabled, as defined by the Americans with Disabilities Act ("ADA"), as amended. Plaintiff's disability affects many major life functions including his ability to work and perform physical tasks such as lifting and walking. Plaintiff underwent surgery on or about January 27, 2021, which caused his leg to be partially paralyzed.

13. Defendant was aware of Plaintiff's disability because he was permitted to work remotely from on or about January 27, 2021, until June 27, 2021. During this time, Plaintiff met or exceeded Defendant's legitimate performance expectations. Executives at Wisconsin Aluminum, including Human Resources Manager, Michelle Szymik, were cognizant of Plaintiff's disability, despite the acquisition of Wabash Castings on or about April 1, 2021.

14. On or about June 24, 2021, Plaintiff supplied a doctor's note to Human Resources Manager, Tricia Miller, that contained medical restrictions imposed by his physician. The note instructed that Plaintiff could work in the office but not on the floor until undergoing a subsequent evaluation scheduled for August 5, 2021. The note also indicated that Plaintiff was restricted from lifting over 20 pounds or otherwise engaging in excessive turning, pushing, or bending.

15. Also on June 24, 2021, Plaintiff received an email from Miller confirming his engagement in the interactive process. A physician questionnaire form, an ADA Acknowledgment form, and an ADA Physician's Statement form were included as attachments. Plaintiff was given a deadline of July 2, 2021, to submit the forms to Miller.

16. Plaintiff returned to working in person on a full-time basis on or about June 27, 2021. Miller assigned Plaintiff to work in an office role while he was engaged in the interactive process.

17. Plaintiff provided Miller the ADA Acknowledgment form and the doctor's note referenced above. Miller reiterated that Plaintiff needed to supply the ADA Physician's Statement, but Plaintiff was incapable of doing so because he was waiting on his physician to get back to him. Despite his inability to supply the form, Plaintiff proactively touched base with Miller in the interim. During that time, Plaintiff informed Miller that the requested ADA Physician's Statement would contain nearly identical information to what was provided in the doctor's note.

18. On July 1, 2021, Defendant terminated Plaintiff's employment because the ADA Physician's Statement was not yet received even though July 2 was the deadline for doing so. Defendant did not give Plaintiff a warning that his job was in jeopardy.

19. Plaintiff contacted his physician on July 1, 2021, to inform him that the Physician's Statement was no longer needed because he had been terminated. Plaintiff's physician responded that it was scheduled to be faxed the morning of July 2, 2021.

20. Defendant retaliated against Plaintiff for requesting an accommodation for his disabling condition. Defendant's retaliation is in violation of Plaintiff's rights under the ADA.

21. Plaintiff's similarly situated co-workers who are not disabled and/or have not engaged in protected activity have been treated more favorably than him.

## COUNT I
## ADA - DISABILITY DISCRIMINATION and RETALIATION

22. Plaintiff hereby incorporates paragraphs 1-21 of his Complaint.

23. Defendant took adverse employment actions against Plaintiff based on his disability, record of disability, and/or perception of him being disabled.

24. Defendant has accorded more favorable treatment to similarly situated employees who are not disabled or regarded as disabled and/or do not have a record of disability.

25. Defendant failed to adequately engage in the interactive process with Plaintiff to determine if a reasonable accommodation was available and did not proffer a reasonable accommodation to him before firing him.

26. Defendant retaliated against Plaintiff for requesting an accommodation for his disabling condition. Defendant's retaliation is in violation of Plaintiff's rights under 42 U.S.C. §12203(a) of the ADA.

27. Defendant took adverse employment actions against Plaintiff because of his ADA requests and statutorily protected complaints.

28. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights protected by the ADA.

29. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Timothy Monks respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

6. Any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin

*s/ Craig M. Williams*
Craig M. Williams
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cmwilliams@jhaskinlaw.com

## DEMAND FOR JURY TRIAL

Plaintiff, Timothy Monks, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin

*s/ Craig M. Williams*
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
Telephone: (317) 955-9500
Facsimile: (317) 955-2570
Email: jhaskin@jhaskinlaw.com
Email: cmwilliams@jhaskinlaw.com